## Appeal of COLUMBUS BREAD COMPANY.

Docket No. 5823.    Decided September 27, 1926.

1. An amount paid by a taxpayer on account of a fine, penalty and court costs for violating the anti-trust law of a state, and attorneys' fees incident to the defense of taxpayer against an indictment for such violation, *held* not to be deductible as an ordinary and necessary expense of taxpayer's business.

2. Rates of depreciation of property determined.

*Robert W. Anderson, Esq.*, for the petitioner.
*Ellis W. Manning, Esq.*, for the Commissioner.

This is an appeal from the determination of a deficiency of $2,703.30 in income and profits taxes for the calendar year 1919. The taxpayer assigns the following errors:

(1) The disallowance of a deduction from gross income of $4,782 representing attorneys' fees, penalty, fine, and court costs.

(2) The disallowance of depreciation as claimed by the taxpayer.

An amended petition alleged error by the Commissioner in deducting from taxpayer's invested capital, as computed by the Commissioner, the sum of $23,081.44, representing the income and profits taxes for the year 1918 in the amount of $54,617.34, prorated.

### FINDINGS OF FACT.

The Columbus Bread Co. was an Ohio corporation which on July 1, 1920, was succeeded by the Holland Bread Co. of Toledo, which in turn was succeeded by Ward Brothers, Inc. The taxpayer was

engaged in the wholesale baking business during the period in question.

The taxpayer filed its income and profits-tax return for the calendar year 1919, reporting a net income of $21,562.88, and paid the income and profits taxes computed on that basis.

On August 26, 1924, an internal revenue agent investigated the taxpayer's books and records and added to the net income as reported by the taxpayer the following items: Machinery additions disallowed as an expense, $936.91; excessive depreciation, $4,187.33; fines, court costs, etc., paid for profiteering, $4,782, making an alleged income of $31,473.12, on which basis the Commissioner computed the additional tax.

On August 22, 1919, an indictment under the provisions of the so-called Valentine Anti-Trust Law of Ohio was returned against the taxpayer and others in the Court of Common Pleas, Franklin County, Ohio. The indictment charged that the company had entered into a combination to increase the price of bread.

The taxpayer pleaded guilty and on September 30, 1919, Robert P. Duncan, Judge, imposed a fine of $1,000 against the Columbus Bread Co. and ordered it to pay the costs of the prosecution in the sum of $11.13. The fine and costs were paid on October 3, 1919, and on the same date the taxpayer paid to the State of Ohio $1,550, representing a penalty of $50 per day for 31 days, imposed by section 6395 of the General Code of Ohio. On October 16, 1919, the taxpayer paid attorneys' fees in the sum of $2,220.87 for services in connection with the defense of petitioner. The three items, fines and costs, $1,011.13; penalty, $1,550; and attorneys' fees, $2,220.87, represent the item of $4,782 added by the Commissioner to the company's net income as reported by it.

The cost of the taxpayer's depreciable assets on December 31, 1919, the rates of depreciation allowed by the Commissioner for the year 1919, and the rates of depreciation claimed by the taxpayer for the year 1919, are shown in the following schedule as stipulated by the parties:

| | Cost, Dec. 31, 1919 | Rates allowed by the Commissioner | Rates claimed by taxpayer |
|---|---|---|---|
| | | Per cent | Per cent |
| Buildings | $78,763.02 | 2½ | 3 |
| Ovens | 15,657.17 | 10 | 10 |
| Machinery | 32,688.58 | 10 | 15 |
| Tools and equipment | 6,782.26 | 15 | 15 |
| Horses, wagons, and harness | 11,556.50 | 10 | 20 |
| Bread cases | 1,849.38 | 20 | 20 |
| Office furniture and fixtures | 1,555.16 | 10 | 20 |
| Autos | 14,281.53 | 25 | 30 |

The taxpayer charged off its books for the year 1919 the sum of $16,658.79, representing its computation of the amount of the exhaustion, wear and tear and obsolescence of its depreciable assets. The Commissioner allowed $12,471.46 and the difference, to wit, $4,187.33, represented the item in the same amount added by the Commissioner to the taxpayer's net income as reported by it. The amount computed by the taxpayer is based on the cost of the depreciable assets and their estimated useful life. The useful life of the ovens, machinery, tools and equipment, horses, wagons and harness, bread cases and autos depended upon the usage to which they were put during each year. The taxpayer's officers could not use a straight percentage basis to determine the amount of depreciation, for some assets had a very short useful life while others had a longer useful life. However, the officers, through years of experience in the baking business, determined the life of each particular asset at the end of each year and then took an approximate percentage of depreciation of the assets as a whole. The practice has been followed from the time the business was started in 1912.

The Commissioner deducted from the taxpayer's invested capital income and profits taxes for the year 1918.

OPINION.

VAN FOSSAN: The first assignment of error raises the question of whether or not a fine and penalty, court costs, and attorneys' fees incurred in connection with the indictment of petitioner for violating the anti-trust law of Ohio, to which indictment petitioner pleaded guilty, may be deducted as ordinary and necessary expenses of petitioner's business of manufacturing and selling bread. We are unable to agree with petitioner's contention on this point. To be deductible under the law the expenditure must be both an ordinary and a necessary expense of taxpayer's business. Petitioner has failed to prove either of these essential conditions. The ruling of the Commissioner must be affirmed. Appeal of Sarah Backer, 1 B. T. A. 214; Appeal of John Stephens, 2 B. T. A. 724.

The second assignment of error presents the question of the proper rates of depreciation on the taxpayer's depreciable assets. The Board is satisfied that the rates claimed by the taxpayer are reasonable and should be used in computing the amount of the depreciation, except the rate on buildings, which should be 2½ per cent, and the rate on office furniture and fixtures, which should be 10 per cent.

The Commissioner's adjustment of invested capital in respect to income and profits taxes for prior years appears to have been made

in accordance with the regulations in force as to the year 1918, and in view of the provisions of section 1207 of the Revenue Act of 1926, such adjustment may not now be modified.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*